HORVITZ ET AL. *v.* BLANTERN.

(Decided October 8, 1929.)

*Messrs. Fauver & Fauver* and *Mr. Anthony Nieding,* for plaintiffs in error.

*Messrs. Rudin & Keech* and *Mr. D. W. Myers,* for defendant in error.

PARDEE, J. The facts as shown by the bill of ex-

ceptions in the foregoing case, which is here on error, are substantially these:

On July 23, 1926, the defendant in error, L. Blantern, had a valid judgment against one Mendelson, on which there was then due over $1,000. On said day an execution was issued to the sheriff of Lorain county, and a levy was made by him on an automobile, the property of said debtor. The evidence clearly shows that on the day of the levy said Mendelson was insolvent.

On the 28th of July, 1929, a redelivery bond was executed and delivered to the sheriff by Mendelson, as principal, and the two plaintiffs in error, Hattie M. Horvitz and Morris Lesnick, as sureties. Proper advertisement was made of the sheriff's contemplated sale on September 1, 1929, of said automobile on execution.

On August 31, 1929, on the voluntary petition of said Mendelson, he was adjudged a bankrupt in the district court of the United States, sitting in Cleveland. In the petition filed by said bankrupt he listed Blantern as a judgment creditor, and the said automobile, as an asset.

On September 1, 1929, the date set for the sale, the sheriff demanded delivery of the automobile, and was advised by Mendelson's attorney that it would not be made, for the reason that Mendelson had been adjudged a bankrupt, and that delivery of the automobile would be made only upon order of the United States court.

The automobile was subsequently delivered to the trustee in bankruptcy and sold by him, and Mendelson was later discharged in bankruptcy.

On September 7, 1929, the sheriff assigned said

redelivery bond to defendant in error. Thereafter the said defendant in error sued the plaintiffs in error upon the bond in the court of common pleas. The cause was submitted to that court without a jury, and the court entered a judgment in favor of said defendant in error and against said plaintiffs in error, as sureties upon said bond, in the sum of $1,000, finding that Mendelson's adjudication in bankruptcy and subsequent discharge were not a defense to said action.

Plaintiffs in error claim that such judgment was erroneous for the following reasons: "(a) The liability of the defendants on the redelivery bond was extinguished and discharged by the adjudication in bankruptcy of S. Mendelson; (b) the purported assignment of the redelivery bond from the sheriff to plaintiff was invalid and did not vest in plaintiffs any rights therein; and (c) the court erred in assessing the value of the automobile, and also in refusing to deduct from such valuation the amount of the valid chattel mortgage thereon."

The undertaking for the redelivery of said property was in the following form, to wit: "Know all Men by these Presents, That we, Hattie M. Horvitz and M. Lesnick are held and firmly bound to F. A. Underhill, sheriff of said county of Lorain, in the sum of $2000.00—Two thousand, for the payment of which we jointly and severally bind ourselves. Sealed with our seals this 28 day of July, A. D. 1926. The condition of the above obligation is such, that whereas, the said sheriff, by virtue of an execution issued from the Court of Common Pleas of Lorain county, on the 23 day of July, 1926, at the suit of L. Blantern against the said S. Mendelson

for the sum of Six Hundred Twenty-seven Dollars and Fifty Cents damages and added costs, and costs that may accrue, has seized the following goods and chattels of the said S. Mendelson—One Jordan Sedan * * * —and which said property remains upon the hands of said sheriff; and the said sheriff has, at the request of the above-named obligors, delivered said property to the said S. Mendelson. Now, if the said goods and chattels shall hereafter be delivered by the said S. Mendelson to the said sheriff, or any other officer holding an execution for the sale of the same in said suit, at the said time and place appointed by said sheriff, or said other officer, according to law, then this obligation shall be void; otherwise in full force."

The foregoing bond was taken by the sheriff under and by virtue of Section 11667, General Code, which section reads, in part, as follows: "If the defendant fails to deliver the goods and chattels at the time and place mentioned in the notice to him given, or to pay to the officer holding the execution the full value of such goods and chattels, or the amount of the debt and costs, the bond shall be considered as broken, and may be proceeded on as in other cases."

By the terms of the Bankruptcy Act (Title 11, chapter 7, Section 107(c), U. S. Code, in force at the time of the levy, if "it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference," such lien shall be dissolved by the adjudication of such person to be a bankrupt; and by paragraph (f) of the same section of the Bankruptcy Act it is provided: "That all levies, judgments, attachments, or other liens, obtained

78

through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt * * *.''

By the terms of the redelivery bond and the statute which authorized the same, the sureties thereon did not agree to pay said debt, but only stipulated that the automobile would be delivered to the sheriff according to law, and that, upon the nondelivery of the same, or the failure to pay to the officer holding the execution the full value of the same, or the amount of the debt and costs, the bond would be considered broken, and could be proceeded on as in other cases.

At the time the sheriff demanded the return of said automobile, and on the day set for the sale thereof, the debtor had been adjudged a bankrupt, and was insolvent at the time the levy was made; and the existence and enforcement of the lien work a preference within the period of four months prior to the date of the filing of the bankruptcy petition. The levy was therefore void *ab initio,* under the facts as shown in this case, and the provisions of the bond and the law under which it was taken show that the breach thereof was a lawful one and that there was no legal obligation imposed upon the obligors of said bond or said debtor to return said car to the sheriff; it was their plain duty to return the same to the trustee in bankruptcy, to be administered under the bankruptcy law, which in this

case superseded the state law, which required a return of the property to the sheriff.

The obligors upon the bond not having agreed to pay the debt, but to be liable upon the bond only in the event of the debtor's failure to return the automobile according to law, and said debtor having withheld said car from said sheriff according to law, and having delivered it, in accordance to law, to another officer of the law authorized to receive it, there was not, in law, any breach of said bond; and the discharge in bankruptcy, set up as a defense, is a full and complete answer to the cause of action set forth in the petition, and, for the reasons stated, judgment thereon ought to have been entered for the plaintiffs in error.

Having reached this conclusion upon this point, it is not necessary to pass upon the other errors assigned.

Our attention has been directed to the case of *Hoiles* v. *Fidelity & Deposit Co.*, decided by this court and reported in 18 Ohio App., at page 332, and the claim is made that that case is in some manner in conflict with the case at bar, but we find no conflict whatever between the two cases and especially reaffirm the conclusions reached and the language employed to express the opinion of the court in that case.

Judgment reversed for reasons stated, and, proceeding to enter the judgment which the trial court should have entered on the undisputed facts, the petition of Blantern is dismissed at his costs.

*Judgment reversed and final judgment for plaintiffs in error.*

FUNK, P. J., and WASHBURN, J., concur.